[S. F. No. 15222. In Bank.—September 26, 1935.]

THE ISLAIS COMPANY, LTD. (a Corporation), Petitioner, v. DUNCAN MATHESON, as Treasurer, etc., Respondent.

Leo J. McEnerney and McEnerney, Morris, Gillen & McEnerney for Petitioner.

John J. O'Toole, City Attorney, Henry Heidelberg, Assistant City Attorney, Allen G. Wright, and Wright & Wright & Larsen for Respondent.

Orrick, Palmer & Dahlquist, as *Amici Curiae* on Behalf of Respondent.

SHENK, J.—By this proceeding in *mandamus* the petitioner seeks to compel the respondent to accept a sum of money in full payment of a call for an instalment of an assessment levied by the Islais Creek Reclamation District for reclamation purposes.

On June 20, 1928, an assessment in the sum of $1,620,150 for reclamation purposes was levied upon all the lands in the Islais Creek Reclamation District, $14,433.57 of which was levied against tract No. 282, owned by the petitioner. A bond issue was duly voted for by the electors on September 4, 1928, in the principal sum stated, and sold. On September 18, 1933, the respondent duly made a call of an instalment of said assessment to be paid by the assessed land owners in the district to meet bond payments of principal and interest to become due on January 1, 1934. The amount of the instalment of the assessment and accrued interest called against said tract No. 282 was the sum of $1,367.38. The petitioner did not respond to the call and the instalment became delinquent on October 31, 1933. The notice of sale for delinquency con-

tained the following item: "Tract No. 282, The Islais Co., Ltd., Installment — $1,367.38; Interest — $9.84; Penalty — $275.44; Total—$1,652.66." The tract was sold to the district as the highest bidder therefor pursuant to sale conducted on December 7, 1933, for nonpayment of the instalment, interest and penalty. The petitioner tendered to the respondent the amount of the call and interest, with the twenty per cent penalty computed on the amount due at the date of delinquency, which he also tendered, which was less by approximately two dollars than the amount demanded by the respondent.

The applicability of the amendment in 1927 of section 3480 of the Political Code, in prescribing the duties of the respondent in the collection of penalties and interest on account of delinquent assessment calls, is determined in *Islais Creek Co., Ltd.,* v. *Matheson,* S. F. No. 15216 (3 Cal. (2d) 657 [45 Pac. (2d) 326].) It was there held that the 1927 amendments governed the proceeding and that the amendments of 1931 and 1933 were inapplicable.

The petitioner contends that the sale to the district is void by reason of the fact that the respondent has not complied with the law in computing the amount of the penalty, and that the sale was for an excessive amount.

By the demurrer to the petition the facts are admitted to be: That the respondent has calculated the penalty of twenty per cent on the amount of the instalment called, plus the sum of $9.84, which it is alleged is the amount of interest at seven per cent to the date of sale, or rather to the last day of the 60-day period within which the sale could lawfully be conducted. The petitioner contends that the penalty should have been computed only on the amount of the call on the date of delinquency, which it is assumed includes the interest accrued to that date. The question for determination is as to the correctness of the respondent's computations pursuant to the applicable statutory law.

The law under which the assessments were levied and the bonds issued provided that when such bonds have been authorized to be issued on the assessments "all unpaid assessments shall bear interest at the rate of seven per cent per annum from the date of the bonds originally issued thereon until such bonds" have been fully paid and discharged, and "the interest due at any time on said unpaid assessments may be called

without calling any instalment of said assessment. The word instalment as used in this section shall be construed as applying to interest as well as the principal as the case may be." The statute then provides that at least ninety days before any interest date of the bonds the county treasurer shall estimate the amount of money necessary to pay the interest and principal maturing on such interest date and shall publish a notice substantially in the following form: "Notice is hereby given that an instalment of assessment (describing it) of (amount or proportion thereof including interest thereon or only for interest) is payable within thirty days from (date) by all assessed landowners of said district in the county of (name of county) to the treasurer of said county. All or any part of said instalment or interest which shall remain unpaid on the (day fixed) will be delinquent, together with accrued interest thereon, with twenty per cent of such instalment and interest added as penalty." The section then provides that "if any part of such instalment or any interest thereon shall remain unpaid at the expiration of thirty days from the date of said notice, it shall become delinquent and twenty per cent of the unpaid amount of said instalment and interest shall be added thereto and collected by said treasurer". The statutory notice of sale was also made to provide that upon delinquency in payment the property would be sold "for the amount of the instalment delinquent on such parcel, the amount of interest thereon reckoned to the day of sale, the amount of such twenty per cent penalty thereon. . . . "

The petitioner contends that the statute contemplates that the twenty per cent penalty must be computed as of the date of delinquency, that is, on the amount of the principal plus accrued interest called as of that date; and that the fact that interest to the date of sale may also be payable does not indicate that such interest is to be added to the amount of the instalment before the twenty per cent penalty is computed.

We think the language of the section is not open to the construction placed thereon by the petitioner. As noted, the statutory notice provides that the instalment, together with accrued interest thereon, with twenty per cent of such *instalment and interest* added as penalty, will be delinquent. From what has been said it is obvious that the instalment is the amount of the call, whether it be interest only, or principal and interest. The words "together with accrued interest thereon"

presupposes something not included in the instalment. There is no express provision limiting such additional interest to the interest accrued at the date of delinquency. The further language of the section that in the event of delinquency ''twenty per cent of the unpaid amount of said instalment and interest shall be added thereto and collected by the treasurer'', is consistent with the construction that interest to the date of sale was intended. Furthermore, the statutory notice indicates without question that the amount of interest is to be reckoned to the date of *sale,* and the twenty per cent penalty computed thereon.

We conclude that the foregoing pertinent provisions of the statute contemplate that whenever accrued interest was payable it should be computed to the date of sale and added to the delinquent instalment and the 20 per cent penalty computed on both. The respondent conceived this to be his duty under the statute and the regularity of the proceedings carried forward on that theory is not questioned.

The peremptory writ is denied.

Langdon, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.